Ruffin, C. J.
 

 If the statement of this transaction, whicia Leguire gives, be true, a legal question would arise, which, perhaps, is not clear of doubt. For, as the conveyance to Leguire and the deed of trust by him were executed together, upon one treaty and as different parts of the same transaction, and as the deed to him was never registered so as to complete his legal title, it is quite debateable, whether a Court of Equity, would set up the deed, as though it were registered, or would supply its place, upon any other condition than that the plaintiff should first pay the purchase money and interest. But as that question was not discussed, and its decision is not necessary for the purpose of this cause, in the view the Court takes of it, we shall not further consider it.
 

 The bill is not framed upon the idea, that Leguire had an equitable interest, merely, in the land, in the nature of the right of a mortgagor, and it does not offer to pay Mauney’s purchase money. But the whole equity is founded on the fact, that a deed was made to Leguire, which was an incipient legal title, and only lacked registration to constitute a competent title, and that, after his purchase, it was suppressed in fraud of the plaintiff It therefore behooves the plaintiff to establish the execution of such a deed. The only direct evidence to the point, is that contained in Rippey’s answer and Leguire’s deposition : and they are irreconcilably contradictory to each
 
 *187
 
 other. The answer, however, is entitled, upon a rule of the Court, to preponderate, unless the credit of the witness be propped by other witnesses, or collateral circumstances. But, as they seem to the Court, the circumstances here operate against, rather than for, the witness. In the first place, he is a biassed and an interested witness. The land was sold under execution for his debt, and he comes
 
 to
 
 support his title and the sale, and thereby to be discharged from the judgment debt.
 
 Waller
 
 v.
 
 Mills,
 
 3 Dev. 515. The debt to Mauney or Rippey is gone, upon the admissions in the answer of Rippey; and consequently Leguire’s interest is ail on one side. The same remarks are equally applicable to the testimony of his wife. ■ But the truth is, that she proves nothing of any consequence, as she really does
 
 not
 
 pretend to know, that there was such a deed as the plaintiff sets up, and it would be unsafe, against the
 
 positive
 
 answer of the defendant, to decree upon a loose declaration, proved under the circumstances in which she was. In the next plaee, three witnesses expressly and directly contradict Leguire in essential parts of his testimony, and prove, that he explicitly stated that there had not been a deed to him
 
 ;
 
 and that he made the settlement under circumstances, which would naturally have induced him to state the contrary, if the contrary had been true. Besides, a fourth witness deposes, that at a different time he told him, that it was not -a conveyance for the land which he had, but a bond for title, as he called it, when he should pay for the land. Then, it is a consideration entitled to much weight, that the plaintiff upon whom the affirmative lies, has not examined either Roberts or Epps, who appear to have been present, when the deed of trust was made, and therefore must have known of the deed of conveyance, if, as Leguire says, one was made to him at the same time. But neither of them has been examined, nor any account given of them, nor any reason for not taking their testimony, but the plaintiff has preferred relying on Leguire alone,.
 
 *188
 
 The circumstance, that Leguire made a deed of trust, would, indeed, afford some presumption, if unexplained, that he had the title. But it may be otherwise ; and the answer states it to have been otherwise, and that the reason for taking the deed of trust was, that the parties feared that even the equitable title might be sold, to the exclusion of the sureties for the purchase money. That point was not so entirely plain, that these persons, who appear to be illiterate, might not have entertained that opinion. At all events, we cannot decree for the plaintiff upon a fact, thus denied and thus defectively proved, when it was in the plaintiff’s power, if the fact had been, as he alleges, to have proved it clearly by two other unsuspected witnesses.
 

 Upon the whole, then, it must be declared, that the plaintiff has failed to establish that Mauney made a conveyance of the premises to Leguire; and therefore, the bill must be dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.